**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| PARVEEN KUMAR, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CIV-26-1697-D |
| | ) | |
| SCARLETT GRANT, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

**ORDER**

Petitioner Parveen Kumar filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 [Doc. No. 1]. Petitioner is a citizen of India who entered the United States on or around March 13, 2023. *Id.* at p. 19. The Department of Homeland Security placed Petitioner into removal proceedings. *Id.* at p. 2. At some point after that, Petitioner was released from detention. *See id.* Petitioner filed an Application for Asylum, which is still pending. *Id.*

On or about June 17, 2026, U.S. Immigration and Customs Enforcement ("ICE") re-detained Petitioner after officers pulled over a truck in which he was a passenger. *Id.* He is currently detained at the Cimarron Correctional Facility in Cushing, Oklahoma. *Id.* at p. 24.

Petitioner is detained pursuant to the mandatory detention provision contained in 8 U.S.C. § 1225(b)(2)(A). [Doc. No. 13]. Petitioner challenges his re-detention by ICE on various grounds, including: 1) violation of the Immigration and Nationality Act, 2) violation of ICE regulations, and 3) violations of due process. [Doc. No. 1, pp. 8–12].

Petitioner requests immediate release, or in the alternative, a bond hearing. *Id*. at p. 12. Respondents filed a response in opposition to Petitioner's Petition arguing he is properly detained pursuant to 8 U.S.C. § 1225(b)(2)(A). [Doc. No. 13].

The matter was referred to United States Magistrate Judge Chris Stephens for initial proceedings in accordance with 28 U.S.C. § 636(b)(1)(B) and (C). [Doc. No. 3]. Judge Stephens issued a Report and Recommendation ("Report"), recommending the Court grant in part the Petition and order Respondents to provide Petitioner a bond hearing pursuant to 8 U.S.C. § 1226(a). [Doc. No. 14]. Judge Stephens also recommended the Court decline to address Petitioner's remaining claims. *Id*.

Respondents filed a timely Objection to the Report, asserting Petitioner is properly detained under 8 U.S.C. § 1225(b)(2)(A) and therefore not entitled to a bond hearing. [Doc. No. 15]. However, Respondents concede *Santillan Quiroz v. Mullin*, 180 F.4th 1226 (10th Cir. 2026) compels a different outcome. *Id*.

Accordingly, the Court must make a *de novo* determination of the portions of the Report to which a specific objection is made, and may accept, reject, or modify the recommended decision, in whole or in part. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

The Court agrees with Judge Stephens' determination that Petitioner is detained pursuant to 8 U.S.C.§ 1226, not § 1225(b)(2)(A). Moreover, the Court agrees with Judge Stephens' conclusion that the relief warranted is a bond hearing pursuant to § 1226. *See Santillan Quiroz v. Mullin*, 180 F.4th 1226, 1251 n. 13 (10th Cir. 2026) (directing the district court to order the government to provide the petitioner a bond hearing within 7 days

"[b]ecause [the petitioner] can properly be subject to detention under § 1226(a)."). Additionally, the Court agrees with Judge Stephens' recommendation to decline to address Petitioner's remaining claims at this time.

**IT IS THEREFORE ORDERED** that the Report and Recommendation [Doc. No. 14] is **ADOPTED**, and the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 [Doc. No. 1] is **GRANTED in part** as set forth herein.

**IT IS FURTHER ORDERED** that Respondents shall provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a), within 7 days of the date of this Order, or release Petitioner. A separate judgment shall be entered.

**IT IS SO ORDERED** this 10th day of November, 2026.

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE